IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE L. GARCIA,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-00531 |
| v. | : | (Judge Rambo) |
| **RICARDO MARTINEZ,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Jose L. Garcia ("Garcia"), an inmate currently incarcerated at the United States Penitentiary at Allenwood in White Deer, Pennsylvania. (Doc. 1.) This petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed without prejudice to any right Garcia may have to reassert his present claims in a properly filed civil rights complaint.

## **I.   Background**

In his petition, Garcia states,

Bureau of Prisons' (BOP) imposition of sanctions against Federal prison inmate for his failure to acquiesce in BOP's Inmate Financial Responsibility Program (IFRP), restitution repayment schedule was not in accordance with law, warranting writ of habeas corpus; sentencing court, although declaring Mandatory Victim's Restitution Act, (MRVA) [sic], restitution "due during period of imprisonment," had not

established specific schedule of payments to be collected during incarceration, and BOP lacked authority to substitute its own schedule.

(Doc. 1 (citations omitted).) Further, Garcia claims that it is the sentencing court alone that has authority to set the schedule of restitution payments, and that authority cannot be delegated to the BOP. (*Id*.) As relief, Garcia seeks "removal of all BOP imposed fee [sic] or FRP collections against him, no sanctions by the BOP may be imposed, and a legal, permanent bar from the BOP reinstalling any collections of any type, or sanctions." (*Id*.)

## II. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Garcia is challenging his restitution repayment schedule and the imposition of BOP fees and sanctions. He is not seeking speedier or immediate release from custody, nor is he challenging the legality of his present incarceration. Rather, Garcia contends that the BOP's actions affect his conditions of confinement.

In these situations, "habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)); *see also Carter v. Martinez*, Civ. No. 3:09-cv-00477, slip op. at 2 (M.D. Pa. Apr. 14, 2009) (Munley, J.) (challenge to restitution payment schedule and BOP sanctions and fees not properly asserted in habeas petition) (Doc. ; *Warner v. Martinez*, Civ. No. 4:09-cv-00482, slip op. at 4 (M.D. Pa. Apr. 10, 2009) (Muir, J.) (challenge to amount of IFRP payments does not concern either fact or duration of confinement in prison).[1]

Thus, the petition will be dismissed without prejudice to any right Garcia may have to seek relief by way of a properly filed civil rights complaint.[2] Because the court will dismiss Garcia's writ of habeas corpus, it also will deny Garcia's motion for summary judgment. (Doc. 8.) The court will issue an order consistent with this memorandum.

                                     s/Sylvia H. Rambo
                                 United States District Judge

Dated: June 9, 2009.

---

[1] These unpublished opinions are attached as exhibit 2 to Respondent's Response to Petition for Writ of Habeas Corpus. (Doc. 6.)

[2] The court expresses no opinion as to the merit of any civil rights claim Garcia may file based upon the facts asserted in the instant habeas petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOSE L. GARCIA,** :
:
    Petitioner : CIVIL NO. 1:CV-09-00531
:
v. : **(Judge Rambo)**
:
**RICARDO MARTINEZ,** :
:
    Respondent :

## O R D E R

Upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus is **DISMISSED** without prejudice.

2) The motion for summary judgment (Doc. 8) is **DENIED**.

3) The Clerk of Court is directed to **CLOSE** this case.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: June 9, 2009.