IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE L. GARCIA,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-00531 |
| v. | : | (Judge Rambo) |
| **RICARDO MARTINEZ,** | : | |
| Respondent | : | |

## <u>**M E M O R A N D U M**</u>

Before the court is Petitioner Jose Garcia's motion for reconsideration of the court's memorandum and order of June 9, 2009 (Doc. 12), dismissing without prejudice his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion (Doc. 12) will be denied.

### I. **<u>Background</u>**

Petitioner, an inmate currently incarcerated at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 23, 2009, challenging the Bureau of Prisons' ("BOP") authority to set the schedule of his restitution payments. Petitioner was not seeking speedier or immediate release from custody, and was not challenging the legality of his present incarceration. Rather, Petitioner argued that the BOP's actions had affected his conditions of confinement.

By memorandum and order dated June 9, 2009, the court dismissed Petitioner's habeas petition without prejudice to any right Petitioner may have to seek relief by way of a properly filed civil rights complaint. (Doc. 11.) Specifically, the court found that because Petitioner was not challenging the fact or duration of his confinement, habeas corpus was not the appropriate or available federal remedy. (*Id*.) As a result, the petition was dismissed without prejudice.

Consequently, Petitioner filed the instant motion for reconsideration. (Doc. 12.) After careful review, the court will deny the motion.

**II.   Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Petitioner claims that this court erred in dismissing his § 2241 habeas petition because his petition in fact involves a sentencing issue. (Doc. 12 at 2.) The remainder of his motion simply quotes *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), a Ninth Circuit Court of Appeals case addressing a district

court decision which denied the petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (*Id*.) In that case, the court was not addressing a § 2241 petition.

Applying the standard used when a party seeks reconsideration, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated argument and citation of unrelated case law do not constitute new evidence that was unavailable when the court entered judgment. Thus, the court finds no basis to reconsider its finding that Petitioner's petition must be dismissed because his claim about scheduling of restitution payments does not challenge either the fact or duration of his confinement, and therefore, his claim is only proper in a civil rights complaint.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: July 29, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE L. GARCIA,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-00531 |
| v. | : | (Judge Rambo) |
| **RICARDO MARTINEZ,** | : | |
| Respondent | : | |

## O R D E R

**AND NOW**, this 29th day of July, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 12) is **DENIED**.

                                                      s/Sylvia H. Rambo
                                                      United States District Judge